UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>LUIS R. MORALES-MONTANEZ and<br>JESSICA R. ACOSTA<br>    Defendant. | CRIMINAL NO. 5:17-CR-40-KKC<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Jessica R. Acosta's Motion for New Trial, (DE 86), and Defendant Luis R. Morales-Montanez's Motion for Joinder in the Motion for New Trial, (DE 87). The Court will permit Defendant Morales-Montanez to join in the motion for new trial and consider the matter as to both Defendants. For the reasons stated below, the Court denies the Defendants' request for a new trial.

**I. Background**

Following a three-day trial, defendants Jessica Acosta and Luis Morales-Montanez were convicted of possession with intent to distribute 500 grams or more of methamphetamine.[1] During the first day of the trial, during the testimony of Detective Matthew Evans, the primary case agent, the government introduced Exhibit 6—a child's homework that was found in the same apartment in which the methamphetamine was located. Detective Evans testified that he believed the homework belonged to Ms. Acosta's daughter and that it was

---

[1] Prior to the jury trial in this case, the Defendants pleaded guilty to three other counts contained in the indictment: possession with intent to distribute cocaine, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime.

1

found on the living room coffee table in the apartment. (DE 93, at 4). During jury deliberations, the jury submitted a note to the Court stating, amongst other requests,[2] that "we want to see homework." (DE 82, at 1). The Court conferred with counsel and informed them that it believed that there was only testimony about the homework and that it was not introduced as evidence. It informed counsel that it would instruct the jury that the homework was not admitted into evidence and that they should instead rely on their recollection with respect to the testimony. Neither of co-defendant's attorneys objected to the proposed instruction. (DE 94, at 4). The jury ultimately returned a verdict of guilty.

The following day, the Court discovered that the homework had been admitted into evidence and therefore its jury instruction was incorrect. The Court scheduled a hearing on the matter, (DE 79) and, shortly thereafter, Defendant Acosta filed a Motion for New Trial, (DE 86). Defendant Morales-Montanez filed a motion to join in Acosta's motion. (DE 87). The United States filed a response opposing the motion for new trial, (DE 90) and, after the hearing, Defendants filed a reply brief, (DE 96). This matter is now ripe for review.

**II. Standard of Review**

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While Rule 33 does not define "interests of justice," it is "widely agreed" that the "standard allows the grant of a new trial where substantial legal error has occurred. *United States v. Munoz*, 605 F.3d 359, 373 (citing *United States v. Wall,* 389 F.3d 457, 474 (5th Cir. 2004) (stating that "any error of sufficient magnitude to require reversal on appeal is an adequate ground for

---

[2] The jury also requested to hear the recording during which Defendant Morales-Montanez spoke with Detective Evans following the search of his home, which the Court played for the jury, and, "what is Montanez address on his vehicle(s)? What are the keys to on the keychain? Are keys: House, apartment, P.O. Box?" (DE 82, at 2). The Court instructed the jury that evidence was presented on these issues and that they should rely on their recollection of the evidence. (DE 94, at 9).

2

granting a new trial")). A motion for new trial may also be granted where the jury's verdict was "against the manifest weight of the evidence." Relief based on weight of the evidence, however, is limited only to "extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (quoting " *United States v. Turner,* 490 F. Supp. 583, 593 (E.D. Mich. 1979), *aff'd,* 633 F.2d 219 (6th Cir. 1980)) (internal quotation marks omitted)).

**III. Analysis**

Defendants make two arguments in support of their motion for a new trial. First, they assert that the Courts error in instructing the jury that the children's homework had not been admitted into evidence was seriously prejudicial to the extent that a new trial is required. Second, they argue that the vast majority of the evidence in the case supported the defense theory that the methamphetamine found in the apartment did not belong to the Defendants. For the reasons explained below, neither of these arguments warrants a new trial.

*A. Any error in failing to provide the jury with a copy of Exhibit 6 was harmless*

Defendants have not demonstrated that the Court's erroneous instruction that the child's homework was not admitted into evidence constituted substantial legal error that would justify a new trial. Defendants' basic rationale that the error was prejudicial is as follows: the homework would not have undercut the defense theory of the case that Acosta had not recently used the apartment because it did not contain a date; the juries request for the homework indicates that they believed it to be important to the case; because the jury believed it to be important and it would not hurt the Defendants' case, the error was prejudicial. This logic is flawed. No matter how important the evidence was to the jury, failing to provide it could not prejudice Defendants unless it was exculpatory. Defendants have not shown, nor do they argue, that the lack of a date supports their theory of the case.

3

The flaw in Defendant's logic is evident when reviewing the use of the child's homework by the parties during the trial. Testimony regarding the homework was minimal. When the evidence was introduced, Detective Evans merely testified that it was found on the living room coffee table in the apartment and that he believed, based on the name on the homework, that it belonged to Acosta's daughter. (DE 93, at 4). During cross-examination of Detective Evans, defense counsel did not inquire as to whether the homework was dated.[3] The parties closing arguments indicate that the child's homework was viewed by the prosecution as important evidence that Acosta had not in fact sublet the apartment. The prosecution argued:

> What's really telling is the child's homework that's in there. I understand the defendants want to push this as far away from Apartment 172 as they can. They want to say, I had nothing to do with that, I sublet it out to somebody else, none of that stuff is mine.

(DE 94, at 2). Defense counsel attempted to refute this argument, stating "[t]he fact that the kid's homework is left there, he rented it as-is, there was no evidence that she cleaned the place out or, you know, the fact that - - I mean, who doesn't move out of a place and leave a thing or two. That means nothing." (DE 94, at 4). At no point in the trial did either party reference the lack of a date on the homework. The reason for this is simple: both parties realized that the lack of a date provided no support for either theory of the case. And, finally, neither party objected to the Court's statement that the child's homework was not introduced or to the instruction given to the jury.

---

[3] The cross examination regarding the homework was conducted by counsel for Morales-Montanez. The relevant portion reads as follows:

[Defense counsel]. Do you know if there were any children's clothing or toys?

[Detective Evans]. No, it's just the homework that we noted.

[Defense counsel]. Couple of pages of homework?

[Detective Evans]. That's correct.

(DE 93, at 5).

The case law also does not support Defendants' argument. There are a number of cases that involve the jury being permitted to take evidence into the jury room that was not properly admitted. Whether doing so constituted error, however, is a fact specific inquiry and most recent cases have found the error harmless. *See e.g.*, *United States v. Munar*, 419 Fed. App'x 600 (6th Cir. 2011) (finding harmless error where court gave limiting instructions); *United States v. Smith*, 419 F.3d 521 (6th Cir. 2005) (finding harmless error were jury was erroneously given trial witness's grand jury transcripts).

Less common are instances where a court fails to give the jury requested evidence. It appears that the Sixth Circuit has addressed the issue only once before. In *Spalla v. Foltz*, 788 F.2d 400 (6th Cir. 1986), the Sixth Circuit rejected a habeas petition that claimed the trial court erred in failing to give the jury portions of a transcript upon their request. *Id.* at 405. The court began its analysis by noting that, "it is generally within the trial court's sound discretion to determine whether particular jury requests will be granted." *Id.* (citing *United States v. Jackson*, 257 F.2d 41, 43 (3d Cir. 1958)). While the trial court in *Spalla* merely failed to respond to the request before receiving the jury's verdict, the Sixth Circuit emphasized that the requested testimony "was not key to petitioner's defense, nor was it exculpatory." *Id.* That is also the case here. As explained above, the child's homework was not a key element to the defense theory. Instead, it was a key element to the prosecution theory and the defense sought to downplay its significance. And it was not exculpatory. The homework itself was inculpatory, suggesting Acosta had been in the apartment. The lack of a date helped neither side. Providing it to the jury so that they could see the lack of a date would have provided no new information and would have been unlikely to affect deliberations. Accordingly, failing to provide the jury with Exhibit 6 did not constitute substantial legal error justifying a new trial.

*B. The jury's verdict was not against the manifest weight of the evidence*

The Defendants' second argument is that there was insufficient evidence for a finding of guilt. This is not one of the extraordinary cases where the evidence heavily weighs against guilt. The prosecution presented ample evidence showing the Defendants possessed methamphetamine with an intent to distribute. While the defense presented a colorable theory that the methamphetamine belonged to Brian Barnes, the question was ultimately one of credibility. The jury was justified in finding Barnes's testimony unlikely and determining that the Defendants were guilty.

## IV. Conclusion

Accordingly, the reasons described above, the Court hereby **ORDERS** that Defendants' Motion for New Trial (DE 86) is **DENIED**.

Dated December 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY