UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:17-40-KKC** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **LUIS R. MORALES-MONTANEZ and JESSICA R. ACOSTA,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendants' motion to dismiss Count 1 of the indictment. (DE 163.) For the reasons stated below, the motion (DE 163) is **GRANTED**.

## I.  BACKGROUND

The Defendants in this case pleaded guilty to counts 2-4 in the indictment. The case proceeded to trial on count 1—possession with intent to distribute 500 grams or more of methamphetamine. The Defendants were convicted on count 1 and subsequently appealed to the United States Court of Appeals for the Sixth Circuit. (DE 113, 116.) The Sixth Circuit reversed and remanded the case for a new trial. The Sixth Circuit issued its mandate on July 3, 2019. (DE 145.)

On July 9, 2019, the Court set the matter for a status conference for the purpose of setting a new trial date. (DE 147.) At that status conference, counsel for the government and counsel for Defendant Jessica Acosta appeared. However, neither of the Defendants were present, and counsel for Defendant Luis Morales-Montanez was also not present due to a conflict with another court's proceedings. The Court stated that it did not want to

1

substantively proceed without the Defendants' presence due to their right to be present at all formal proceedings.

During the status conference, the Court learned that the Defendants were being housed in prisons outside of the Eastern District of Kentucky. The Court advised that the Defendants needed to be transported back to the Eastern District of Kentucky. The Court then raised concerns regarding the time limits for a new trial under the Speedy Trial Act ("STA") following a remand from the Sixth Circuit. Counsel for the government and counsel for Acosta advised that "time is not of the essence" due to the Defendants serving sentences on the other charges they pleaded guilty to. (DE 169 at 13-14.) The Court ordered the Defendants to be transported back to the Eastern District of Kentucky. The Court then conferred with the United States Marshall Service to determine a reasonable amount of time to transport the Defendants back to the district. The United States Marshall Service advised that two months would be realistic and reasonable. The Court set a date for October 16, 2019 for the Defendants to be back in the Eastern District of Kentucky. The Court advised that counsel should inform the Court when the Defendants were back in the district.

Defendant Morales-Montanez arrived in the Eastern District of Kentucky on September 26, 2019, and Defendant Acosta arrived on October 10, 2019. On November 4, 2019, the government informed the Court that the Defendants were back in this district, and it moved the Court to hold a status conference. (DE 149.) On November 5, 2019, the Court set the matter for a status conference. (DE 150.)

Just before the status conference, the Court was informed that Defendant Morales-Montanez sought to be appointed new counsel. The Court ordered standby CJA counsel to be present at the status conference. At the status conference, the Court appointed new counsel for Defendant Morales-Montanez and discussed new trial dates. New counsel

2

indicated that he needed time to learn the case. The Court set a new trial date for April 8, 2020, and no party objected.

On December 3, 2019, the Court noted that the April 8, 2020 trial date was outside the parameters of the STA. The Court issued an order making STA findings under 18 U.S.C. § 3161(h)(7)—the ends of justice exclusion—based on new counsel's need to prepare for trial. The Court ordered the Defendants to file speedy trial waivers. (DE 153.)

After consulting with new counsel, Defendant Morales-Montanez refused to sign a speedy trial waiver. Defendant Morales-Montanez filed a motion to dismiss count one of the indictment based on a violation of the STA. (DE 163.) Defendant Acosta joined in the motion. (DE 164.) Although Defendants agree that the Court was correct in finding that the "ends of justice" supported a continuance of trial outside of the time limits provided by the STA, Defendants contend that dismissal without prejudice of count 1 of the indictment is warranted because the "ends of justice" continuance occurred after the expiration of the time limits provided by the STA. (DE 163-1 at 6.) The Court set the matter for a status conference.

On January 9, 2020, the Court held a status conference to further discuss the motion to dismiss. The Court ordered the parties to file cross-memorandum on the motion to dismiss within twenty-one days. (DE 168.)

The parties filed cross-memorandum on the motion to dismiss. (DE 170, 176.) All parties agree that count 1 of the indictment should be dismissed. Even though Defendants original motion asks the Court to dismiss count 1 of the indictment without prejudice, the Defendants supplemental briefing asks the Court to consider whether the charge should be dismissed with prejudice.[1]

---

[1] Defendants state: "[a]lthough Mr. Morales-Montanez did not originally request a dismissal with prejudice, it is important to note that the Court, upon finding a violation of the STA, "shall consider" certain factors in determining "whether to dismiss the case with or without prejudice." 18 U.S.C. § 3162(a)(2). Thus, the Court may still choose to dismiss Count One with prejudice." (DE 170 at 4, n. 2.)

3

As further explained below, the Court finds that there was a violation of the STA, and count 1 of the indictment should be dismissed without prejudice.

## II.     ANALYSIS

Under the STA, following a remand from a court of appeals,

> the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.

18 U.S.C. § 3161(e). The periods of delay enumerated in § 3161(h) are excluded in computing the time limitations specified in § 3161(e). *Id.*

The speedy trial clock renews upon the district court's receipt and filing of a mandate remanding the case for new trial. *See, e.g.*, *United States v. Alexander*, 983 F.2d 1068 (6th Cir. 1992) (Per curiam opinion noting a circuit split but holding that the STA clock begins running when the district court receives the mandate from the Court of Appeals). Here, the mandate issued on July 3, 2019. (DE 145.)

Under § 3161(h)(1)(F), delay resulting from transportation of any defendant from another district is excludable, except that any time consumed for transportation in excess of ten days is presumed unreasonable. 18 U.S.C. § 3161(h)(1)(F). Here, the delay for transportation was significantly beyond the ten-day-period prescribed by § 3161(h)(1)(F). Accordingly, the delay is presumed unreasonable. No party has rebutted that presumption.

Although the Court "may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical[,]" the Court finds that an extension here is not appropriate. The delay in the transportation of the Defendants is not a factor "resulting from passage of time" that made

4

trial within seventy days impractical. Accordingly, the Court finds that the speedy trial clock expired on September 23, 2019.

The Court finds that count 1 of the indictment should be dismissed without prejudice. Under § 3162(a)(1):

> [i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(2).

The Defendants have supported their motion with sufficient proof of a STA violation, and the Government agrees that count 1 of the indictment should be dismissed. Although the government and Defendants agree that an "ends of justice" exclusion was appropriate, dismissal of count 1 is warranted because the "ends of justice" exclusion was not made before the speedy trial clock expired. *See, e.g.*, *United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985) (quoting *United States v. Janik*, 723 F.2d 537, 544-45 (7th Cir. 1983) ("A district judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable-delay continuance before the delay occurred.").

Considering the factors listed in § 3162(a)(2), the Court finds that count 1 of the indictment should be dismissed without prejudice. First, the Court considers the charge serious. Defendants are accused of possession with intent to distribute 500 grams or more of methamphetamine. Such a large quantity of drugs poses a serious threat to the public.

5

Second, in determining that count 1 of the indictment should be dismissed without prejudice, the Court heavily relies on the facts and circumstances which led to dismissal. Here, counsel for the government and counsel for Defendant Acosta advised the Court that the time limits provided by the STA were not of consequence due to the Defendants serving time on the other charges they pleaded guilty to. Additionally, both counsel for the government and counsel for Defendant Acosta agreed that the Defendants would not be prejudiced by a delay in the trial date due to their sentences on the other charges. (DE 169 at 13-14.) Regarding Defendant Morales-Montanez, previous counsel for Defendant Morales-Montanez did not appear at the Court's first scheduled status conference post-mandate. He also did not otherwise alert the Court of any potential speedy trial issues. The Court also considers that the delay in this case was not caused by the fault of any party to this litigation. Instead, the speedy trial violation was caused by delays in transportation of the Defendants back to the Eastern District of Kentucky. The Court further considers that an "ends of justice" continuance would have been appropriate in this case if it was timely made.

Finally, the Court finds that reprosecution of this case would have a very minimal impact on the administration of the STA or the administration of justice. In making this determination, the Court considers that both Defendants are currently serving sentences on the other charges they pleaded guilty to. Those sentences extend well beyond the trial date that was set in this case. Thus, neither Defendant was prejudiced by the delay in trial. Additionally, the Court considers that an "ends of justice" continuance would have been appropriate if it was timely made in this case.

Based on the foregoing, the Court finds that count 1 of the indictment should be dismissed without prejudice. The United States may choose to reprosecute this case at its discretion.

### III. CONCLUSION

The Court, being sufficiently advised, **HEREBY ORDERS** as follows:

(1) Defendants' motion to dismiss count 1 of the indictment (DE 163) is **GRANTED**;

(2) Count 1 of the indictment is **DISMISSED WITHOUT PREJUDICE**;

(3) The jury trial date of April 8, 2020 is **SET ASIDE**; and

(4) The United States may choose to reprosecute this case at its discretion.

Dated March 16, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY